UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, v. ADRIAN IBARRA AND ANTONIO BENITEZ, Defendant. | Case No.: 17cr0411 AJB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND/OR STRIKE**<br><br>**(Doc. No. 59)** |
|---|---|

Adrian Ibarra moves to dismiss Count One, or in the alternative to strike the assault allegation under § 1959(a)(3) in violation of California Penal Code section 245(a). Antonio Benitez has joined in the motion.

Count One, paragraph five, of the indictment charges that Mr. Ibarra "attempted to murder M.E., in violation of California Penal Code, sections 664 and 187(a); and willfully assaulted M.E., with a firearm, in violation of California Penal Code, section 245(a)(2), (b); all in violation of Title 18, United States Code, sections 1959(a)(3) and (a)(5) and 2." (Doc. 1 at 3.)

Mr. Ibarra requests that the Court dismiss Count One because assault with a deadly weapon under Cal. Penal Code § 245(a)(2) does not categorically match the generic definition of assault under 18 U.S.C. § 1959(a)(3). Specifically, the federal generic

definition of assault with a weapon (as defined by the Model Penal Code, the Sentencing Guidelines, and a majority of states) requires use of a weapon *and* an intent to inflict some type of bodily injury. By contrast, California assault with a weapon under § 245 requires *no* intent to inflict bodily injury or any other type of harm. Thus, §245(a)(2) is not a categorical match to § 1959(a)(3), and Count One (which currently remains joined with the § 1959(a)(5) attempted murder allegation) must be dismissed. The parties have well briefed and argued their positions, argument taking place on January 11, 2018.

In a nutshell, the grand jury indicted these defendants for violating the Violent Crime in Aid of Racketeering Act, Title 18 U.S.C. § 1959(a)(3), by among other things, violating the assault section of the California Penal Code 245(a). Section 1959(a)(3) makes it a violation of the racketeering statute by committing the crime of "assault with a dangerous weapon . . . ." However, the state crime lacks the element of intent to inflict bodily harm, and therefore would not support conviction itself under VICAR.

Assault with a dangerous weapon is not defined in Section 1959, and we therefore resort to the generic definition of the crime. As established by the defense in the moving papers, the generic definition of assault with a dangerous weapon requires an intent to cause *some level of bodily injury*. This is consistent with the Federal Definition supplied by 18 U.S.C. § 1959(a)(3). The meaning of "assault with a dangerous weapon" under Title 18, Section 113, is that "the government is required to prove: (1) that the victim was assaulted, (2) with the use of a dangerous weapon, and (3) with the intent to inflict bodily harm." *U.S. v. LeCompte*, 108 F.3d 948, 952 (8th Cir. 1997); *see also U.S. v. Guilbert*, 692 F.2d 1340, 1343 (11th Cir. 1982); cases cited infra, n. 63.

An "assault" within the meaning of Title 18 Section 113 "is any intentional and voluntary attempt or threat to do injury to the person of another, when coupled with the apparent present ability to do so sufficient to put the person against whom the attempt is made in fear of immediate bodily harm" (*LeCompte*, 108 F.3d at 952), as well as any attempt to intentionally use unlawful force against another person, regardless of whether the victim "experienced reasonable apprehension of immediate bodily harm." *Guilbert*,

692 F.2d at 1343. *See also United States v. Dupree*, 544 F.2d 1050, 1051–52 (9th Cir. 1976) cases and cited infra n. 69. An "injury" to the victim is not required. *See Guilbert*, 692 F.2d at 1343.

In order to prove the crime of assault with a firearm under California Penal Code Section 245, the following elements must be met:

1. The defendant did an act with (a deadly weapon/a firearm/a semiautomatic firearm/a machine gun/an assault weapon/a .50 BMG rifle) that by its nature would directly and probably result in the application of force to a person;

2. The defendant did that act willfully;

3. When the defendant acted, (he/she) was aware of facts that would lead a reasonable person to realize that (his/her) act by its nature would directly and probably result in the application of force to someone;

4. When the defendant acted, (he/she) had the present ability to apply force (likely to produce great bodily injury/with a deadly weapon/with a firearm/with a semiautomatic firearm/with a machine gun/with an assault weapon/with a .50 BMG rifle) to a person.

Judicial Council of California Criminal Jury Instructions, § 875 (2016); Cal. Penal Code § 245(a)(2). The instructions note that "[t]he People are not required to prove that the defendant actually intended to use force against someone when (he/she) acted." *Id*.

This is a federal case and federal law applies, as Government Counsel points out. But, Federal law requires more than California before someone can be convicted of assault with a dangerous weapon as a predicate act under 18 U.S.C. Section 1959(a)(3). The state statute is not a categorical match to the federal offense charged. Moreover, the Indictment is wanting in confirming probable cause to believe that the defendants violated the generic definition sufficient to support the generic definition of the crime, which requires a level of mens rea not shared in the pleaded state statute. To illustrate the anomaly, one would only need to consider how this jury would need to be instructed. Would the Court include the more general state definition found in California Penal Code § 245, or the federal corollary, 18 U.S.C. 113, which requires the "intent to commit bodily harm" but is not

charged? Neither option satisfies the Court as the first option undermines the fact that federal law applies while the second requires more than charged.

For these reasons, the Court grants the Motion to Strike the assault allegation, and denies the Motion to Dismiss Count One. Count One is supported by a viable predicate act.

**IT IS SO ORDERED.**

Dated: January 29, 2018

*/s/ Battaglia*
Hon. Anthony J. Battaglia
United States District Judge